**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:11 AM July 19, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHRISTINE MARIE SMITH, | ) | CASE NO. 12-62119 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

At a hearing on February 4, 2013, the court orally denied Ohio Department of Job and Family Services' ("ODJFS") Motion for Leave to File a Complaint to Determine Dischargeability. The decision was memorialized in an order dated February 22, 2013. On February 20, 2013, ODJFS moved for relief from the court's order, opposed by Debtor. The court granted ODJFS' request on April 3, 2013 and entered a briefing schedule on the motion for leave. Both parties filed briefs in support of their respective positions.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## BACKGROUND

Debtor filed a chapter 7 petition on July 30, 2012. The notice of her case was issued on July 31, 2012 and served on August 2, 2012. ODJFS was included on the service list and acknowledges timely receipt of the notice.

The notice set November 26, 2012 as the deadline to file a complaint to determine dischargeability. In spite of its procedures, ODJFS miscalendared the deadline for November 29, 2012. On November 29, 2012, it recognized the error and filed a motion for leave to file a complaint.

This is a no asset case.

## DISCUSSION

Under Federal Rule of Bankruptcy Procedure 4007(c), a dischargeability complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors." In this case, the notice of Debtor's case established November 26, 2012 as the deadline. There is no dispute that ODJFS did not meet the deadline for filing a complaint to determine the dischargeability of its debt. Nor did ODJFS file a motion to enlarge the time period for filing a complaint in accordance with either Rule 4007(c) or Rule 9006(b)(3). The question before the court is whether equitable tolling can be used to extend the deadline in ODJFS' behalf.

The Sixth Circuit Court of Appeals recognized that the deadline in Rule 4007(c) is not jurisdictional, but is a "a statute of limitations—or simply a deadline—that is generally subject to the defenses of waiver, estoppel, and equitable tolling." Nardei v. Maughan (In re Maughan), 340 F.3d 337, 344 (6th Cir. 2003) (citing U.S. v. Locke, 471 U.S. 84, 94 n. 10 (1985)). Maughan identified five factors that drive application of the equitable tolling doctrine:

> (1) lack of actual notice of filing requirement; (2) lack of con-
> structive knowledge of filing requirement; (3) diligence in pur-
> suing one's rights; (4) absence of prejudice to the defendant; and
> (5) a plaintiff's reasonableness in remaining ignorant of the notice
> requirement.

Id. (citing Andrews v. Orr, 851 F.2d 164, 151 (6th Cir. 1988)).

ODJFS does not dispute actual notice and acknowledges timely receipt of the deadline. ODJFS mainly focuses on the third factor and argues that it missed the deadline as the result of excusable neglect. In spite of established office procedures, the deadline was not entered correctly on its calendar. Once it realized its misstep, it immediately moved for leave to file the complaint. Only three days transpired between expiration of the deadline and the motion for

2

leave to file.   Because of the short time frame, it argues prejudice to defendant is minimal.   The court is unpersuaded.

Application of the doctrine of equitable tolling must be considered in context with its purpose.   The equitable tolling doctrine is intended to "toll a statute of limitations 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that's litigant's control.'"   Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)). 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'   In re Stough, 2012 Bankr. LEXIS 2998 *27 (Bankr. N.D. Ohio 2012) (citing Wallace v. Kato, 549 U.S. 384, 396 (2007)).   With this backdrop, the court cannot find in ODJFS' favor.

The ability to timely file a complaint was clearly within ODJFS' control.   It does not dispute that it had timely notice of the correct deadline and admits that its own inadvertence resulted in missing the deadline.   ODJFS' own actions resulted in the late filing.   Consequently, this is not a situation that calls on equity as a remedy.

In Maughan, the Sixth Circuit found that the Debtor's failure to to timely turn over documents requested at a 2004 exam rendered the creditor unable to adequately prepare a complaint that met its Rule 9011 obligations.   Maughan involved a situation where the Debtor's action directly impeded the creditor's ability to meet the deadline.   This fact is of consequence and has been recognized by a sister court which stated "[e]quitable tolling applied . . . because the debtor interfered with the action the creditor needed to take."   Zabivnik v. Hannen (In re Hannen), 383 B.R. 683, 688 (Bankr. N.D. Ohio 2008).   This thinking also aligns with this court's decision in a previous case where the court used equitable tolling to extend the deadline based on Debtor's questionable actions.   Needs v. Buxton (In re Buxton), Case No. 05-63823, Adv. No. 06-6013 (Bankr. N.D. Ohio November 8, 2006).

The Hannen case is factually similar to this case.   The creditor had timely notice of the deadline but filed the complaint three days late.   In defending a motion to dismiss, the creditor cited inexperience with electronic filing as the reason it was unable to meet the deadline.   The court refused to apply equitable tolling to extend the deadline.   The court finds no reason to reach a different outcome in this case.

Because ODJFS was responsible for the late filing, its diligence is in question.   Additionally, the prejudice Debtor would suffer is greater than recognized by ODJFS.   To extend the deadline would punish Debtor, who did nothing wrong, and reward ODJFS for its mistake. The court is not convinced that equity compels such an outcome.

The court will deny the motion for leave by separate order.

#          #          #

3

**Service List:**

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

Scott W. Paris
Keith D. Weiner & Assoc. Co., LPA
75 Public Square, 4th Floor
Cleveland, OH   44136

4